■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DANIEL H. ROBERTS, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered July 23, 1973, convicting him of seven counts of forgery in the second degree and other crimes, upon a jury verdict, and imposing sentence. Case remanded to the trial court for a hearing and determination on the issue hereinafter delineated and appeal held in abeyance in the interim. Following a search and seizure hearing at which the trial court found that the evidence seized, which included seven copies of notices of mechanic's liens, had been illegally obtained and were not admissible against defendant, defendant was tried on the multicount indictment. At the trial the People were permitted to introduce, over objection, certified copies of the same notices of mechanic's liens. The copies had been obtained from the County Clerk's office. The only reason given for the admission of this evidence was that these copies were not physically the same as those suppressed. It was error to permit the People to use the certified copies obtained from the County Clerk's office without holding a hearing at which the People would be required to establish that the copies being used had not been come at by exploitation of the illegally seized evidence or by means sufficiently distinguishable to be purged of the primary taint (Alderman v. United States, 394 U. S. 165). The record herein is barren of any evidence as to what led the People to the copies used and at this point all that is known is that the ones used were exactly the same as the ones suppressed. Thus, absent a showing that there was an independent source, the ones used would be considered fruit of the poisoned tree (Nardone v. United States, 308 U. S. 338; Wong Sun v. United States, 371 U. S. 471; United States v. Bacall, 443 F. 2d 1050). Obviously this issue was never con-

sidered by the trial court and thus we are remanding for a hearing of the issue. Latham, Acting P. J., Shapiro, Cohalan, Christ and Munder, JJ., concur.